UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-92 (NEB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **REGARDING SENTENCING** |
| | ) | |
| MULATA YUSUF ALI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Matthew C. Murphy and Rebecca E. Kline, Assistant United States Attorneys, submits the following sentencing memorandum and respectfully requests that the Court impose a sentence of one year and one day in prison.

In November 2020, Defendant Mulata Yusuf Ali incorporated a company called Franklyn Transportation. Shortly thereafter, he agreed to let his co-conspirator, Yusuf Ali, use Franklyn Transportation's bank account to launder the proceeds of a fraudulent scheme carried out by Abdul Ali, Yusuf Ali, and others to steal from the Federal Child Nutrition Program.

In the span of just five months, from March of 2021 to August of 2021, Mr. Ali's co-conspirators transferred more than $2.2 million of stolen Federal Child Nutrition Program funds into Franklyn Transportation's bank account. At the direction of his co-conspirators, Mr. Ali then transferred that money to others—including more than $350,000 to his co-conspirators and nearly $1 million to purported tobacco and

hookah import companies for the purpose of laundering the money offshore. For his role in the scheme, Mr. Ali personally received $95,099 of the fraud proceeds.

Mr. Ali waived his right to be charged by Indictment and pleaded guilty to a one-count Information, charging him with theft of government funds, on April 11, 2023.

## SENTENCING RECOMMENDATION

In *Gall v. United States*, the Supreme Court set forth the appropriate sentencing methodology. 552 U.S. 38, 49–50 (2007). The district court should first calculate the advisory Sentencing Guidelines range. *Id.* at 49. After calculating a defendant's advisory Sentencing Guidelines range and hearing from the parties, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and make an individualized assessment based on the facts in arriving at an appropriate sentence. *Id.* at 49–50; *see also United States v. Ruvalcava-Perez*, 561 F.3d 883, 886 (8th Cir. 2009) ("In sentencing a defendant, the district court should first determine the appropriate Guidelines range, then evaluate whether a traditional departure is warranted, and finally decide whether or not to impose a guideline sentence after considering all the § 3553(a) sentencing factors.").

### A.    Sentencing Guidelines Range

As previously noted, the government objects to the Presentence Report's inclusion of a 2-level increase to the total offense level pursuant, to U.S.S.G. § 2B1.1(b)(12). To be clear, the government does not dispute that the facts of the case support the application of this enhancement. But because the enhancement was not

contemplated by the parties in their plea agreement, the government respectfully requests that the Court not apply the enhancement when sentencing Mr. Ali.

The government otherwise agrees with the Sentencing Guidelines calculations contained in the PSR, including that: the base offense level is 6 (U.S.S.G. § 2B1.1(a)(2)); a 16-level increase applies because the loss amount exceeded $1.5 million but was less than $3.5 million (U.S.S.G.§ 2B1.1(b)(1)(I)); that a 2-level reduction is appropriate because Mr. Ali was a minor participant in the scheme (U.S.S.G. § 3B1.2(b); and that the defendant is entitled to a 3-level reduction for accepting responsibility and timely notifying the government of his intent to plead guilty (U.S.S.G § 3E1.1(a) and (b)). Due to a March 9, 2011, felony drug possession conviction, Mr. Ali falls into Criminal History Category II.

With a total adjusted offense level of 17 (rather than 19 as calculated in the PSR) and a Criminal History Category II (rather than Criminal History Category I as contemplated in the parties' plea agreement), the Sentencing Guideline's recommended sentence is 27-33 months' imprisonment and a fine of $10,000 to $95,000.

## B. Section 3553(a) Sentencing Factors

Section 3553(a) requires the Court to analyze several factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

Mr. Ali participated in one of the largest fraud schemes in the history of the District of Minnesota, and the single largest Covid-19 fraud scheme in the country. He took money intended to feed children who no longer could get regular, nutritious meals at school, and used it to enhance his lifestyle. He knew he was not entitled to the money and that it was obtained by lying to the government about the number of children his co-conspirators allegedly served at a non-existent meal site. Simply put, he took advantage of a once-in-a-century global pandemic and the generosity of American taxpayers to enrich himself.

Mr. Ali was, however, a minor participant in the scheme. His role was limited to laundering the fraud proceeds through his company's bank account as directed by his co-conspirators.

### 2.    History and Characteristics of the Defendant

Mr. Ali was born in Ethiopia 1984. Following the outbreak of a civil war and the abduction of his mother, Mr. Ali—then just 8 years old—fled to Kenya with his six siblings where he was reunited with his father. He lived in Kenya—first in a refugee camp and then in an apartment—for approximately 10 years before emigrating to the United States in 2004.

Mr. Ali received no education and has limited fluency in English. He currently works as a bus driver. Mr. Ali has HIV and type II diabetes, which are both managed with medication. He has one minor child.

4

Although Mr. Ali has a prior felony conviction for drug possession, that conviction is now more than fifteen years old and he has not committed a serious criminal offense since then.

**3.     Deterrence, Respect for the Law, Just Punishment, and Protecting the Public**

The Court must also consider the need for the sentence to afford adequate deterrence, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Mr. Ali's crime must be viewed in context of the rampant fraud that has plagued Minnesota in recent years. Unprecedented levels of fraud perpetrated on public benefits programs in Minnesota have eroded trust in the government and raised questions about the sustainability of those programs. Too many people, Ali included, participate in this kind of fraud because, as they see it, everyone else is doing it. This cynical view must be stopped. It has undermined and endangered important government programs as well as legitimate nonprofit organizations that rely on donations to carry out actual charitable work.

On the other hand, given Mr. Ali's age, work history, and relatively clean criminal history, the government does not believe he poses a significant risk of recidivism.

**4.     The Need to Avoid Unwanted Disparities**

Finally, the Court must consider the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). One of Mr. Ali's co-conspirators in this case, Yusuf Ali, received an

18-month sentence. Another co-conspirator, Abdul Ali, received a sentence of one year and one day. Each of those defendants played a more active role in the fraud scheme than Mr. Ali, and both received more money. Accordingly, a lesser sentence is warranted. Unlike Mr. Ali, however, Abdul Ali provided substantial assistance to the government in its investigation or prosecution of others. Absent that cooperation, Abdul Ali's sentence likely would have been significantly higher. A sentence of one year and one day, which would represent a significant downward variance from the Guidelines range, is therefore consistent with the sentences meted out to Mr. Ali's co-conspirators.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of one year and one day in prison.

Respectfully Submitted,

Dated: April 15, 2026,

DANIEL N. ROSEN
United States Attorney

 /s/ *Matthew C. Murphy*

BY:   MATTHEW C. MURPHY
REBECCA E. KLINE
Assistant U.S. Attorneys

6